# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2020

Lyle W. Cayce
Clerk

No. 20-10808
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSHUA WILLIAM JACKSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-196-1

Before WILLETT, HO, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Joshua William Jackson, federal prisoner # 54191-177, seeks to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a compassionate release reduction in sentence under 18 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10808

§ 3582(c)(1)(A) due to his ill health and the COVID-19 pandemic. He also seeks appointment of counsel.

We construe Jackson's IFP motion as a challenge to the district court's certification that his appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into the good faith of the appeal "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

On the motion of either the Director of the Bureau of Prisons or a prisoner, § 3582(c)(1)(A) permits a sentencing court to reduce the prisoner's term of imprisonment after considering the applicable 18 U.S.C. § 3553(a) factors if, inter alia, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13, p.s. We review for abuse of discretion a district court's decision to deny compassionate release despite a prisoner's eligibility. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

In denying Jackson's motion, the district court considered the § 3553(a) factors, specifically citing Jackson's criminal history, the nature of his offense conduct, his original below-guidelines sentence, and the need to protect the public. Jackson has failed to show that the district court's decision was based on an error of law or a clearly erroneous assessment of the evidence. *See Chambliss*, 948 F.3d at 693-94. Although, as in *Chambliss*, Jackson may disagree with how the district court balanced the § 3553(a) factors, his disagreement provides an insufficient ground for reversal. *See id.* at 694.

No. 20-10808

Jackson's arguments for appeal are not without arguable legal merit, although they ultimately fail to persuade, and he meets the financial eligibility requirements. *See* § 1915(a)(1); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *Howard*, 707 F.2d at 220. We therefore GRANT his motion to proceed IFP on appeal, we DENY his motion for appointment of counsel, and we AFFIRM the decision of the district court.